SIGNED THIS 22nd day of November, 2021

THIS MEMORANDUM OPINION HAS BEEN ENTERED ON THE
DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

In re:
**TREVOR GEORGE ROSS,**                             Chapter 7
**SARAH STATON ROSS,**
    Debtors.                                 Case No. 20-50885

## MEMORANDUM OPINION

This case involves a debtor's claim to a $10,000 exemption in farming equipment pursuant to Virginia Code section 34-26(7) to which the chapter 7 trustee (the "Trustee") has objected. The Court must decide whether to overrule or sustain the Trustee's objection. For the reasons explained below, the Court overrules the objection.

## JURISDICTION

This Court has jurisdiction over this bankruptcy case by the provisions of 28 U.S.C. §§ 1334(a) and 157(a), the delegation made to this Court by Order of Reference from the District Court entered on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. Proceedings to determine the "allowance or disallowance of . . . exemptions from property of the estate" are "core" proceedings under 28 U.S.C. § 157(b)(2)(B).

## PROCEDURAL HISTORY

The debtors, Mr. Trevor G. Ross and his wife, Sarah S. Ross, filed a voluntary chapter 13 bankruptcy petition on December 31, 2020. *See* ECF Doc. No. 1. On February 8, 2021, the Court approved the conversion of the debtors' case to one under chapter 7. *See* ECF Doc. No. 17. The debtors filed their bankruptcy schedules the following day. *See* ECF Doc. No. 22. On Schedule C, the debtors jointly claimed under Virginia Code section 34-26(7) a total exemption of $20,000 in five items of farm equipment. *Id.* Mr. Ross and Mrs. Ross each claimed $10,000 in exemptions in farming equipment pursuant to Virginia Code section 34-26(7). *Id.*

On April 21, 2021, the Trustee filed an objection to Mrs. Ross's claimed exemption. *See* ECF Doc. No. 34. The Trustee and debtors' counsel then filed briefs in support of their arguments and a joint stipulation of facts. *See* ECF Doc. Nos. 56, 57, 58, 59.

According to the Trustee, Mrs. Ross's use of Virginia Code section 34-26(7) to exempt $10,000 in farm equipment is misplaced. The Trustee argues that the exemption can only be used to exempt items used in the debtor's *primary* or *principal* trade or occupation. Because Mrs. Ross's principal occupation is not farmer, the Trustee argues she cannot claim the exemption.

The debtors disagree. The debtors contend that the Trustee's interpretation of section 34-26(7) is incorrect because the language of the statute does not include the words "primary" or "principal," and thus the statutory language does not limit its application to a primary or principal occupation.

On October 14, 2021, the Court held a hearing during which the Trustee and the debtors' counsel participated. After hearing from both parties, the Court took the matter under advisement.

## FINDINGS OF FACT[1]

Mr. Ross is a farmer. Mrs. Ross is *both* a farmer and a school principal.

---

[1] The findings of fact contained in this section are established by the joint stipulation of facts agreed upon by both parties. *See* ECF Doc. Nos. 56, 59.

2

Mr. and Mrs. Ross own, as tenants by the entirety, the Chestnut Ridge Farm at 242 Chestnut Ridge Road, Staunton, Virginia. All items of farm equipment listed on the bankruptcy schedules are jointly owned by the debtors and are necessary for the operation of the farm. The debtors purchased the farm equipment with funds from their joint bank account. Both debtors deposit income into the joint bank account, but most funds deposited since September 20, 2019, have come from Mrs. Ross's income as a school principal. Farm expenses are paid from the same account.

### CONCLUSIONS OF LAW

Virginia Code section 34-26(7) provides:

> [E]very householder shall be entitled to hold exempt from creditor process . . .
> 7. Tools, books, instruments, implements, equipment, and machines, including motor vehicles, vessels, and aircraft, which are necessary for use in the course of the householder's occupation or trade not exceeding $10,000 in value, except that a perfected security interest on such personal property shall have priority over the claim of exemption under this section. A motor vehicle, vessel or aircraft used to commute to and from a place of occupation or trade and not otherwise necessary for use in the course of such occupation or trade shall not be exempt under this subdivision. "Occupation," as used in this subdivision, includes enrollment in any public or private elementary, secondary, or career and technical education school or institution of higher education.

Va. Code § 34-26(7). The statute defines "householder" as any Virginia resident. Va. Code § 34-1. The statute does not define "occupation" or "trade." Simply put, a Virginia resident may exempt up to $10,000 in certain items "which are necessary for use in the course of the householder's occupation or trade." This Court must decide whether "the householder's occupation or trade" in section 34-26(7) means (i) "the householder's occupation or trade" or (ii) "the householder's *principal* occupation or trade."

The Supreme Court of Virginia has not decided whether the section 34-26(7) exemption is limited to a debtor's primary or principal occupation. When a state law issue has not been determined by the state's highest court, a federal court must predict how the state's highest court

3

would rule. *See Comm'r of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 465 (1967). The Supreme Court of Virginia has declared that its rules of statutory construction aim to determine the intent of the legislature and this analysis begins with the words of the statute. *See Va. Soc'y for Human Life, Inc. v. Caldwell*, 500 S.E.2d 814, 816 (Va. 1998) (citing *Marsh v. City of Richmond*, 360 S.E.2d 163, 167 (Va. 1987)). Only "[w]here the words used in the statute are not sufficiently explicit, [the court] may determine the intent of the legislature 'from the occasion and necessity of the statute being passed [or amended]; from a comparison of its several parts and of other acts *in pari materia*; and sometimes from extraneous circumstances which may throw light on the subject.'" *Id.* (citing *Richmond v. Sutherland*, 77 S.E. 470, 471 (Va. 1913)). If, however, "the language of the statute has a definite and precise meaning, expressed in clear and concise terms," a court must read the unambiguous statutory language in accordance with its plain meaning. *Miller v. Virginia*, 2 S.E.2d 343, 347 (Va. 1939). In this case, the Court does not need to look beyond the words of the statute to determine the intent of the legislature because the words used are sufficiently explicit. *See Va. Soc'y for Human Life, Inc.*, 500 S.E.2d 814 at 816.

Section 34-26(7) simply permits a debtor to exempt up to $10,000 in tools and equipment "necessary for use in the course of" her occupation or trade. From the words of the statute, the legislature's intent is to enable a debtor to retain the tools and equipment necessary for her effective performance in her trade or occupation. *Monticello Arcade Ltd. P'ship v. Lyall (In re Lyall)*, 191 B.R. 78, 82 (E.D. Va. 1996). The statute does not include language (such as the words "principal," "primary," or "main" to modify "occupation or trade") which would restrict the exemption to a debtor's principal occupation or trade. *See Boos v. Barry*, 485 U.S. 312, 330 (1988) ("[F]ederal courts are without power to adopt a narrowing construction of a state statute unless such a construction is reasonable and readily apparent.").

4

In this case, the parties have stipulated that Mrs. Ross is a farmer. As such, because the language of the statute does not limit the exemption to a debtor's principal occupation or trade, Mrs. Ross is entitled to claim an exemption in the farm equipment.

*Cases from the U.S. Bankruptcy Court for the Eastern District of Virginia*

To support his argument that the exemption in section 34-26(7) is limited to a debtor's principal occupation or trade, the Trustee points to three opinions from the U.S. Bankruptcy Court for the Eastern District of Virginia: (i) *In re Samuel*, (ii) *In re Allen*, and (iii) *In re Cordova*. In response, the debtors assert that the cases from the Eastern District of Virginia improperly placed a limitation on the debtor's exemption and are not binding on this Court.

In 1984, Judge Shelley addressed in *In re Samuel* whether a debtor was a fisherman or an oysterman so that the debtor could claim an exemption in a workboat pursuant to section 34-26 of the Virginia Code. 36 B.R. 312, 314 (Bankr. E.D. Va. 1984). The relevant language in section 34-26 was notably different in 1984 when *Samuel* was issued than it is now. In 1984, the relevant provisions of section 34-26 provided a "tools of the trade" exemption only for mechanics, oystermen, and fishermen. *See id.* at 313 n.2. While a mechanic could claim an exemption in "the tools and utensils of his trade," a fisherman or an oysterman could claim an exemption only in "his boat and tackle." *Id.* The court ultimately held the debtor could not claim the exemption in a workboat because his testimony, which "appear[ed] patently absurd," did not show that the debtor was an "oysterman or a fisherman" as required by section 34-26 for him to claim the exemption. *Id.* at 314–15.

While the holding in *Samuel* was simply that the debtor was not a fisherman and thus not entitled to exempt a workboat, the dicta has led the opinion to stand for the proposition that the section 34-26 exemption is limited to a debtor's principal occupation or trade and that each debtor

5

may only have one principal trade or occupation. Judge Shelley expressed his belief "that the legislature did not intend that a party could engage in several trades or occupations in order to claim multiple exemptions." *Id.* at 314. Judge Shelley expressed concern that a debtor could be a mechanic (in this case a carpenter) and pretend to be a fisherman or oysterman[2] to claim exemptions in more items. Accordingly, the court in *Samuel* found that the Virginia General Assembly could not possibly have intended that a debtor potentially exempt both a mechanic's tools and a fisherman's or an oysterman's boat and tackle.

In a later case before Judge Shelley in 1985, the chapter 7 trustee objected to a debtor's tools of the trade exemption in carpentry tools arguing the debtor abandoned carpentry to become a general contractor at the time of filing his bankruptcy petition. *In re Allen*, 52 B.R. 206, 207 (Bankr. E.D. Va. 1985). Judge Shelley found that the "debtor was and is essentially a carpenter" and that "a carpenter would easily fall within the definition of a 'mechanic' for purposes of the Virginia statute." *Id.* at 209–10. Based on these findings, the court held that the debtor was "a mechanic qualified to exempt the tools of his trade under Virginia Code § 34-26." *Id.* at 210.

*Samuel* and *Allen* are inapplicable to the present case because the opinions interpreted a predecessor statute that is unlike its current iteration. The language of the exemption statute no

---

[2]     The *Samuel* court found the debtor less than honest and his testimony concerning his work as a crabber (which was included in the court's liberal definition of "fisherman") "patently absurd." *Samuel*, 36 B.R. at 314. The debtor had been exclusively engaged in a home construction and remodeling business until 1982, the year prior to the filing of his bankruptcy petition. *Id.* at 313. Prior to 1982, the debtor had no experience in crabbing; he had been working only in the home construction business since 1966. *Id.* The debtor testified that he spent 90 percent of his time in the seafood business but there was no breakdown of how much time was devoted to his crabbing operation or the time allotted to the delivery and sale of seafood. *Id.* Further, the debtor failed to clearly establish how many times he used the boat for crabbing in 1982. *Id.* The debtor also testified that his principal occupation was a builder and he was starting the crabbing business for his son. *Id.* The debtor admitted that the statement of affairs he had filed failed to disclose his interest in the crabbing business and his schedules failed to reflect ownership of any of the 200 crabpots he testified he owned. *Id.* at 313, 315. As a result of these facts, Judge Shelley found the debtor was less than credible and not a crabber.

6

longer is limited to the specific occupations of mechanic, fisherman, and oystermen; the current language is broader and refers to any "occupation or trade."

In 2008, in *In re Cordova*, another bankruptcy judge in the Eastern District of Virginia, Judge Mitchell, had to decide "whether a debtor can have more than one trade for the purpose of the Virginia exemption." 394 B.R. 389, 393 (Bankr. E.D. Va. 2008). In *Cordova*, a debtor employed as a budget analyst claimed an exemption in power tools, a pickup truck, and a minivan for his additional trade as a carpenter. *Id.* at 392. Judge Mitchell followed the existing case law precedent of the Eastern District of Virginia in both *Samuel* and *Allen*, holding that a debtor cannot have more than one trade or occupation for the purpose of the exemption in Virginia Code section 34-26(7). *Id.* at 395. Judge Mitchell denied the debtor's exemption because he found the debtor's primary occupation was budget analyst, yet Judge Mitchell did not "rule out the possibility that a unique set of facts might exist [that] would justify a finding of multiple occupations for a particular debtor; but, if so, the second occupation would have to be something more than a side business, which is not the situation here." *Id.* at 394.

The *Cordova* court followed the case law precedent in that district (i.e., in both *Samuel* and *Allen*). As previously explained, this Court finds the reasoning in both *Samuel* and *Allen* to be unpersuasive and inapplicable to the interpretation of the language of the modern exemption statute. Accordingly, the Court is disinclined to read any additional words or limitations into the language of Virginia Code section 34-26(7) and so declines to follow *Cordova*, *Samuel*, and *Allen*.

## CONCLUSION

Section 34-26(7) of the Virginia Code permits a debtor to claim an exemption in "[t]ools, books, instruments, implements, equipment, and machines, . . . which are necessary for use in the course of the householder's occupation or trade not exceeding $10,000 in value." It is uncontested

that Mrs. Ross is a farmer. It is uncontested that the farm equipment in which she has claimed an exemption is "necessary for use in the course of" her trade or occupation as a farmer. It is uncontested that the value she has claimed as exempt does not exceed the statutory limit of $10,000. Based on the uncontested facts and the language of the statute, this Court concludes Mrs. Ross is eligible to claim the exemption under Virginia Code section 34-26(7). Accordingly, the Court overrules the Trustee's objection.

The Court will issue a separate order based on the conclusions in this opinion.

The Clerk is directed to send a copy of this Memorandum Opinion to the debtors, debtors' counsel, and the chapter 7 trustee.